UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>        Respondents. | Case No.: 22-cv-1402-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Joshua Davis Bland, a state prisoner proceeding pro se. (ECF No. 1.)

  On November 13, 2017, Petitioner filed a previous habeas petition in this Court, challenging Petitioner's 1998 conviction in San Diego County Superior Court case number SCN085554. *See Bland v. Pfieffer*, 17-cv-2309-H-WVG (S.D. Cal. 2017), ECF No. 1. On June 6, 2018, this Court denied the petition on the basis it was not filed within the applicable statute of limitations, and, alternately, on the merits of the claims presented. *See id.*, ECF No. 24. On June 14, 2018, Petitioner filed a motion for relief from judgment, which the Court construed as a second or successive petition and dismissed for lack of jurisdiction. *See id.*, ECF No. 30. Petitioner did not appeal.

In this action, Petitioner seeks to challenge the same conviction he challenged in his prior federal habeas petition. A successive petition may not be filed in the district court unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). This Court cannot consider the Petition because Petitioner has not demonstrated that the Court of Appeals has granted him leave to file a successive petition in this case. *See Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (failure to obtain appellate court authorization for filing a successive petition acts as a jurisdictional bar).

The rules governing habeas cases brought in federal court by state prisoners require a district court to either grant or deny a certificate of appealability when issuing an order denying such a petition. *See* Rules Governing § 2254 Cases, Rule 11(a). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court denies a certificate of appealability because Petitioner has not shown that jurists of reason would find the Court's determination that the Court cannot consider the Petition debatable.

IT IS HEREBY ORDERED that the Petition is denied. The Court dismisses this action without prejudice to Petitioner filing a new petition in this Court if he obtains authorization from the Court of Appeals. If Petitioner has already obtained authorization for the Court to consider his Petition, Petitioner may present the Court with such

authorization and request to have this case reopened **on or before October 14, 2022**. The Clerk of the Court is directed to send Petitioner a blank Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 with a copy of this Order.

      IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated: September 20, 2022

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court